UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
BROOKSTONE COMPANY, INC.                :
BIG BLUE AUDIO, LLC.                     :
                                        :     Civil Case No. _____
        Plaintiffs                      :
                                        :
v.                                      :
                                        :     **COMPLAINT AND JURY**
INNOVATIVE TECHNOLOGY                    :     **DEMAND**
ELECTRONICS, LLC                        :
                                        :
        Defendant                       :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Brookstone Company, Inc. and Big Blue Audio, LLC, for their Complaint against Defendant Innovative Technology Electronics, LLC ("Innovative Technology Electronics" or "Defendant"), state and allege as follows:

### THE PARTIES

1.      Brookstone Company, Inc. is a New Hampshire corporation with its principal place of business at One Innovation Way, Merrimack, New Hampshire 03054. Brookstone Company, Inc. is in charge of corporate administrative, operational, management, and oversight functions for the Brookstone family of companies, which owns and operates the well-known Brookstone chain of retail stores, and sells Brookstone products through these stores, the website www.brookstone.com and other sales channels. Brookstone Company, Inc. and/or the Brookstone family of companies are hereinafter referred to as "Brookstone."

1

2.      Big Blue Audio, LLC is a New Hampshire limited liability company with its principal place of business at One Innovation Way, Merrimack, New Hampshire 03054.  Big Blue Audio is a subsidiary of Brookstone.

3.      Innovative Technology Electronics is a Delaware limited liability company with its principal place of business at 1 Channel Drive, Port Washington, New York 11050.

## NATURE OF ACTION AND JURISDICTION

4.      This is an action for design patent infringement, trade dress infringement and unfair competition brought pursuant to 35 U.S.C. § 271, Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and the common law of the State of New York, as well as for deceptive trade practices brought pursuant to the New York General Business Law ("N.Y. GBL"), N.Y. GBL § 349.

5.      This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a New Hampshire corporation and a Delaware limited liability company.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400 because it is the judicial district in which Defendant resides, where Defendant has committed acts of infringement and where Defendant has a regular and established principal place of business.

## GENERAL ALLEGATIONS
### Brookstone's Big Blue Trade Dress

7.      Brookstone has been in the business of selling consumer products, gadgets, and electronics equipment since 1965.  Since its inception in 1965, Brookstone's product offerings have vastly expanded such that it is now well known in the industry for its provision of a wide range of goods directed at wellness, travel, and entertainment.

8.      Brookstone founded its subsidiary Big Blue Audio to design and develop audio speakers.  In 2011, Brookstone sold its first Big Blue Audio speakers, which have since grown to become some of Brookstone's most popular and successful products.  Brookstone currently features Big Blue Audio speakers on its website as the "Big Blue Collection" (http://https://www.brookstone.com/audio-tech/speakers/big-blue-collection).

9.      Since 2011, Brookstone has sold a number of products in the Big Blue Collection. Consistent with its name, the Big Blue Collection of products prominently feature a big blue circular control button comprising a control button encircled by an LED ring that illuminates in the color blue to signal device status, and which is located at or near the center of the front or top face of the product ("Big Blue Trade Dress.")  Over the years, the products featuring the Big Blue Trade Dress include the following:

**Big Blue Studio:**



**Big Blue Live:**



**Big Blue Tabletop:**



**Big Blue Party™:**



**Big Blue Go:**



**Big Blue Unplugged Wireless:**          **Big Blue Mini Wireless:**





**Big Blue Live2:**



**Big Blue StudioB:**                    **Big Blue Party™ 360:**





**Big Blue Party™ X:**



10.    Since 2011, Brookstone has consistently featured the Big Blue Trade Dress in the

Big Blue Collection.

11.    The Big Blue Collection is a well-known product line of Brookstone with its own

dedicated section on Brookstone's website (https://www.brookstone.com/audio-

tech/speakers/big-blue-collection).  The brand name "Big Blue" immediately draws the

consumer's attention to the Big Blue Trade Dress.

12.    Brookstone has expended significant resources promoting, advertising and

marketing its Big Blue Collection, which features the Big Blue Trade Dress.  The advertisements

for the Big Blue Collection uniformly and prominently feature the Big Blue Trade Dress.

13.    Brookstone sells the Big Blue Collection through a number of different channels,

including Brookstone  retail stores, the Brookstone  online store, Amazon, Walmart, Bon Ton,

Macy's, Sears, Newegg, Bloomingdales, Outdoor Speaker Supply, and Target.

14.    Since 2011, Brookstone has sold a substantial number of speakers from the Big

Blue Collection featuring the Big Blue Trade Dress.

15.    Brookstone is not aware of any other third parties that use the Big Blue Trade

Dress as a brand indicator for speaker products.

16.    Because of the substantially exclusive and continuous use of the Big Blue Trade

Dress for approximately six years, the Big Blue Trade Dress has acquired considerable value and

has become well known among the consuming public and the trade as identifying and

distinguishing Brookstone as the exclusive source of the Big Blue Trade Dress.

17.    Based on the substantial and extensive branding and promotional efforts by

Brookstone, its continuous and exclusive use of the Big Blue Trade Dress for six years, and the

market penetration of the Big Blue Trade Dress in the speaker field, customers have come to

associate the Big Blue Trade Dress with Brookstone.

18.     The Big Blue Trade Dress has become distinctive for speakers originating from Brookstone.  As a distinctive mark, Brookstone's use of the Big Blue Trade Dress serves as a trademark of Brookstone.

19.     The Big Blue Trade Dress is not functional.  First, the Big Blue Trade Dress is not essential to the use or purpose of the article.  The blue LED ring surrounding the control button need not have been blue, but could have also appeared in other colors, such as white, red or green.  Likewise, the shape (circular) and location (center-faced) of the Big Blue Trade Dress is not functional as it is not essential to the purpose of the article.  Again, for example, the design could have comprised a square control button located in a corner of the device.

20.     The Big Blue Trade Dress likewise does not decrease the cost of manufacture of the article, or improve its quality.  Brookstone's speakers that incorporate the Big Blue Trade Dress cost more to manufacture than its speakers that do not incorporate the Big Blue Trade Dress.  The Big Blue Trade Dress does not improve the quality of the speaker, or its ability to communicate device status.  A smaller, differently shaped, differently positioned, and differently colored illuminated component would have achieved the same function.

21.     There a number of alternative designs that could have been adopted by Brookstone for its Big Blue Trade Dress, including a different size, shape, color, and location.

22.     Moreover, other manufacturers that sell wireless speaker products do not use the Big Blue Trade Dress.  These third party speaker patterns use different designs and illuminated features to indicate device status the speaker.  Some examples of alternative designs are included in the attached Exhibit A.  Of the vast number of third party speaker sellers and manufacturers,

only Brookstone uses the Big Blue Trade Dress.  In view of the number of alternative designs that are used by third party speaker sellers and manufacturers, Brookstone's right to use the Big Blue Trade Dress exclusively does not put competitors at a significant non-reputation-related disadvantage.

### Brookstone's Big Blue Party™ Trade Dress

23.     In 2013, Brookstone began selling the Big Blue Party™ speaker.  The Big Blue Party™ features an upright speaker tower design with a rectangular tower and rounded edges, top and bottom tower caps that are squared with rounded edges that extend beyond the circumference of the upright speaker tower, and the Big Blue Trade Dress in the center of the front speaker face.  ("Big Blue Party™ Trade Dress").  Hereinafter, the Big Blue Party™ Trade Dress and the Big Blue Trade Dress will be collectively referred to as "Brookstone's Trade Dress."  The Big Blue Party™ speaker also has a handle, which is attached on the sides of the top of the tower and extends upwards therefrom.

24.     Since the introduction of the first Big Blue Party™ speaker in 2013, Brookstone has introduced other Big Blue Party™ speakers, including the Big Blue Party™ 360 speaker and Big Blue Party™ X speaker, both of which were first sold in 2017, and which feature the Big Blue Party™ Trade Dress ("Big Blue Party™ family of speakers.") The original Big Blue Party™ speaker has been consistently sold since 2013, and the Big Blue Party™ 360 speaker and Big Blue Party™ X speaker have both been consistently sold since 2017.

25.     Brookstone has expended significant money and resources promoting, advertising and marketing its Big Blue Party™ family of speakers that feature the Big Blue Party™ Trade Dress.  The advertisements for the Big Blue Party™ family of speakers uniformly and

prominently feature the Big Blue Party™ Trade Dress.

26.     Brookstone's Big Blue Party™ family of speakers are among its most popular speaker products.  Since its introduction to the market in 2013, Brookstone has sold a substantial number of speakers from the Big Blue Party™, all of which feature the Big Blue Party™ Trade Dress.

27.     Brookstone is not aware of any other third parties that use the Big Blue Party™ Trade Dress as a brand indicator for speaker products.

28.     The Big Blue Party™ family of speakers sell for between $180 and $230.

29.     Because of the substantially exclusive and continuous use of the Big Blue Party™ Trade Dress for approximately five years, the Big Blue Party™ Trade Dress has acquired considerable value and has become well known by the consuming public and the industry as identifying and distinguishing Brookstone as the exclusive source of the Big Blue Party™ Trade Dress.

30.     Based on the substantial and extensive branding and promotional efforts by Brookstone, its continuous and exclusive use of the Big Blue Party™ Trade Dress for almost five years, and the market penetration of the Big Blue Party™ Trade Dress in the speaker field, customers have come to associate the Big Blue Party™ Trade Dress with Brookstone.

31.     The Big Blue Party™ Trade Dress has become distinctive for speakers originating from Brookstone.  As a distinctive mark, Brookstone's use of the Big Blue Party™ Trade Dress operates as a trademark of Brookstone.

32.     The Big Blue Party™ Trade Dress is not functional.  First, the Big Blue Party™ Trade Dress is not essential to the use or purpose of the article.  The shape and design of the Big

Blue Party™ Trade Dress does not improve the overall functionality of the speaker.  A rectangular tower shaped speaker that incorporates Big Blue Party™ Trade Dress is not essential to the purpose of the article.  This is apparent as most third party speaker manufacturers do not utilize a rectangular tower shaped speaker design, and none of these third party speaker manufacturers use the Big Blue Party™ Trade Dress.  *See* Exhibit A.

33.     The Big Blue Party™ Trade Dress likewise does not decrease the cost of manufacture of the article, or improve its quality.  Brookstone's speakers that incorporate the Big Blue Party™ Trade Dress cost more to manufacture than speakers that do not incorporate the Big Blue Party™ Trade Dress.  The Big Blue Party™ Trade Dress does not improve the quality of the speaker.  A differently shaped and styled speaker can likewise produce quality sound.

34.     There a number of alternative designs Brookstone could have adopted for its Big Blue Party™ Trade Dress, including square speakers, round speakers, rectangular speakers, pill-shaped speakers, cylindrical speakers, etc.

35.     Moreover, other manufacturers that sell wireless speaker products do not use the Big Blue Party™ Trade Dress.  These third-party speaker patterns use different shapes and designs. Some examples of alternative designs are included in the attached Exhibit A.  Of the vast number of third party speaker products, only Brookstone uses the Big Blue Party™ Trade Dress.  In view of the number of alternative designs that are used by third party speaker manufacturers, Brookstone's right to use the Big Blue Party™ Trade Dress exclusively does not put competitors at a significant non-reputation-related disadvantage.

### Big Blue Audio's Big Blue Party™ Design Patent

36.     On December 18, 2013, Big Blue Audio filed a design patent application for the

ornamental features of the Big Blue Party™ speaker.  This application registered on July 26, 2016 as U.S. Patent No. D762,193 and is assigned to Big Blue Audio ("the '193 Patent.")  *See* Exhibit B.

37.     FIG. 1 of the '193 Patent is reproduced below.



FIG. 1

FIG. 1 of the '193 Patent claims the features of the Big Blue Trade Dress and the Big Blue Party™ Trade Dress, in that it features:

- An upright speaker tower design with a rectangular tower and rounded edges,
- A circular component in the center of the front speaker face, and
- Top and bottom tower caps that are squared with rounded edges and that extend beyond the circumference of the upright speaker tower.

38.     The combination of the above noted features of the Big Blue Party™ Trade Dress are likewise the novel aspects of the '193 Patent in view of the prior art.

**Innovative Technology Electronics' Infringing
Portable 20 Watt Bluetooth Outdoor Weatherproof Rechargeable Wireless Speaker**

39.     Defendant Innovative Technology Electronics is in the business of selling audio products.

40.     Since at least as early as 2016, Defendant has sold its products through Brookstone's retail and online stores.  Accordingly, and upon information and belief, Defendant is well aware of Brookstone's products, including the Big Blue Collection and the Big Blue Party™ family of speakers.

41.     Upon information and belief, Innovative Technology Electronics first started selling outdoor stereo speakers in 2016.  The outdoor stereo speakers sold in 2016 did not feature the Big Blue Trade Dress or the Big Blue Party™ Trade Dress.  A screenshot from archive.org, below, depicts the outdoor speakers sold by Innovative Technology Electronics in 2016.



42.     Upon information and belief, between the end of 2017 and April 2018, after almost two years of access and exposure to Brookstone's Big Blue Collection, Big Blue Party™ family of products, Big Blue Trade Dress, and Big Blue Party™ Trade Dress, Innovative Technology Electronics redesigned its outdoor stereo speakers.  The redesigned outdoor stereo speaker is branded as "Innovative Technology's Portable 20 Watt Bluetooth Outdoor Weatherproof Rechargeable Wireless Speaker."  ("Infringing Speaker.")  Upon information and belief, Defendant's sale of the Infringing Speaker is an intentional effort to appropriate and trade on the key features of the Big Blue Trade Dress and Big Blue Party™ Trade Dress that consumers associate with Brookstone.

43.     Defendant's use of the Infringing Speaker began well after Brookstone adopted its Big Blue Trade Dress and Big Blue Party™ Trade Dress, and after the '193 Patent was filed, all of which date back to 2012 or 2013.

44.     Upon information and belief, the Infringing Speaker is available on a website owned or controlled by Defendant, www.victrola.com, as well as through larger retailers such as Walmart and BJs.

45.     Upon information and belief, the Infringing Speaker sells for about $80.00.

46.     The Infringing Speaker incorporates and infringes the Big Blue Trade Dress,  Big Blue Party™  Trade Dress, and the design of the '193 Patent.  A side by side comparison of Brookstone's Big Blue Party™ speaker and the Infringing Speaker is provided below:

| Big Blue Party™ | Infringing Speaker |
|---|---|
|  | |

47.     As can be seen from the side by side comparison, the Infringing Speaker substantially incorporates all of the elements of the Big Blue Trade Dress, specifically:

- A large rounded blue illuminated component located in the center of a face of the speaker.

48.     As can also be seen from the side by side comparison, the Infringing Speaker substantially incorporates all of the elements of the Big Blue Party™ Trade Dress, specifically:

- An upright speaker tower design with a rectangular tower and rounded edges,
- The Big Blue Trade Dress prominently featured in the center of the front speaker face, and
- Top and bottom tower caps that are squared with rounded edges and that extend beyond the circumference of the upright speaker tower.

49.     As can be seen by the below side by side comparison, the Infringing Speaker incorporates the elements of the '193 Patent, such that, in the eyes of the ordinary observer, the Infringing Speaker is substantially the same as the '193 patent when the two designs are

compared in the context of the prior art.

| '193 Patent, FIG. 1 | Infringing Speaker |
|---|---|
|  | |

50.     In an effort to resolve this matter without litigation, Brookstone contacted Defendant by letter dated April 18, 2018 regarding its concerns that the Infringing Speaker infringed Brookstone and Big Blue Audio's intellectual property rights, including the '193 Patent, which was enclosed with the letter.

51.     As a result of this correspondence, Defendant has had actual notice since April 18 2018 of Brookstone and Big Blue Audio's superior rights and their objection to Defendant's use of the infringing trade dress and design.  Since receiving such notice, Defendant has taken no steps to cease infringement and discontinue sales of the Infringing Speaker.

52.     Defendant is aware of the vast and valuable goodwill and reputation represented

and symbolized by Brookstone's Big Blue Trade Dress and Big Blue Party™ Trade Dress, and the design protected by the '193 Patent.  As a supplier of products to Brookstone, Defendant is also aware that Brookstone's consumers and potential consumers rely upon the Big Blue Trade Dress, Big Blue Party™ Trade Dress, and the design protected by the '193 Patent to distinguish Brookstone's products and services from the products and services of others.

53.     Defendant's sales of the Infringing Speaker has always been and continues to be without the permission, consent, or authority of Brookstone and Big Blue Audio.

**Effect of Defendant's Conduct on Brookstone and the Consuming Public**

54.     Defendant's Infringing Speaker incorporates 1) the Big Blue Trade Dress, 2) the Big Blue Party™ Trade Dress and 3) the novel elements of the '193 Patent.

55.     Defendant's Infringing Speaker incorporates a design that is confusingly similar to Brookstone's Big Blue Trade Dress and Big Blue Party™ Trade Dress. Indeed, the entirety of Brookstone's Big Blue Trade Dress and Big Blue Party™ Trade Dress is reproduced in Defendant's Infringing Speaker. Thus, the marks used by the respective parties are similar in sight and commercial impression.

56.     Defendant's Infringing Speaker is the same product as those associated with both the Big Blue Trade Dress and the Big Blue Party™ Trade Dress.  Both parties market, promote, and sell wireless indoor/outdoor speakers.

57.     On information and belief, both Brookstone and Defendant target the same class of customers, namely, consumers of personal electronic products across the country and in every state.

58.     Defendant's Infringing Speaker is promoted in the same channels of trade as

Brookstone's products.  Defendant and Brookstone both advertise, promote, and offer their products and services to consumers across the United States, including through websites located on the Internet.  Both Brookstone and Defendant's advertising and promotional materials are directed to the same or similar consumers.  Moreover, both Brookstone and Defendant sell speaker products in overlapping retail stores, such as Walmart.

59.    Defendant's continued sale of the Infringing Speaker is likely to diminish the goodwill associated with Brookstone's Trade Dress.

60.    Defendant's Infringing Speaker is being promoted and purportedly provided, and is likely to continue being promoted and purportedly provided, throughout the same nationwide market as Brookstone's products and services.  Defendant derives and will continue to derive substantial revenue from its Infringing Speaker, all without the permission, authority, or consent of Brookstone.

61.    Defendant's unauthorized use of the Infringing Speaker is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's unauthorized products are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Brookstone, or that Brookstone's speaker products are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Defendant, when the same is not true.

62.    Defendant's continued sales of the Infringing Speaker is with full knowledge of the prior rights of Brookstone and of Brookstone's objections to Defendant's continued sale of the Infringing Speaker.

63.    Defendant has acted and continues to act without regard to Brookstone's

trademark rights and goodwill in the Big Blue Trade Dress and Big Blue Party™ Trade Dress.

64.     As a result of Defendant's unauthorized sales of the Infringing Speaker, Defendant is being unjustly enriched at Brookstone's expense, and Brookstone is being damaged.

65.     Defendant's unauthorized sales of the Infringing Speaker has significantly injured Brookstone's interests.  Specifically, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Brookstone's Trade Dress; (b) is likely to cause public confusion as to the source, sponsorship, or affiliation of Defendant's products with Brookstone; (c) has damaged and threatens to further damage Brookstone's significant and valuable goodwill in the Brookstone Trade Dress; (d) has injured and threatens to further injure Brookstone's right to use Brookstone's Trade Dress as the exclusive indicia of the origin of Brookstone's speaker products throughout the United States; (e) has caused and is causing Brookstone to lose control over the goodwill associated with its Trade Dress; and (f) has lessened the capacity of Brookstone's Trade Dress to indicate that Brookstone's  products and services are sponsored by Brookstone.

66.     Unless these infringing acts by Defendant are restrained by this Court, they will cause irreparable injury to Brookstone and to the public, for which there is no adequate remedy at law.

67.     Defendant's acts of infringement and unfair competition complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Brookstone and Big Blue Audio's rights.  In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the

Lanham Act, 15 U.S.C. § 1117(a), as well as 35 U.S.C. §284 of the Patent Act.

**FIRST CLAIM FOR RELIEF**
**(Design Patent Infringement)**

68.     Paragraphs 1-67 are incorporated herein by reference.

69.     Defendant has infringed the sole claim of the '193 Patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of speakers that incorporate the novel elements of the '193 Patent, in violation of 35 U.S.C. § 271(a).

70.     Upon information and belief, Defendant's infringement has been willful.

71.     Defendant's infringement has injured and is continuing to injure Big Blue Audio, and it is thus entitled to preliminary and permanent injunctive relief, and an award of damages, in an amount to be proven at trial, as compensation for the acts alleged herein.

**SECOND CLAIM FOR RELIEF**
**(SECTION 43(A) OF LANHAM ACT – BIG BLUE TRADE DRESS)**

72.     Paragraphs 1-71 are incorporated herein by reference.

73.     The Big Blue Trade Dress is source indicating, and consumers associated the Big Blue Trade Dress with Brookstone and its speaker products.

74.     The Big Blue Trade Dress is inherently distinctive and has acquired distinctiveness (secondary meaning) through promotion and use of this mark for six years in connection with Big Blue Collection of speakers.

75.     Defendant's sales of the Infringing Speakers, which incorporate the Big Blue Trade Dress, is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Brookstone's goods, namely its speakers.

76.     Defendant's conduct has confused and misled customers and/or was done with the

purpose of confusing and misleading customers.

77.     The actions alleged herein violate section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

78.     Defendant's violation of 15 U.S.C. § 1125(a) has injured and is continuing to injure Brookstone and it is thus entitled to preliminary and permanent injunctive relief, and an award of damages, in an amount to be proven at trial, as compensation for the acts alleged herein.

### THIRD CLAIM FOR RELIEF
### (SECTION 43(A) OF LANHAM ACT – BIG BLUE PARTY™ TRADE DRESS)

79.     Paragraphs 1-78 are incorporated herein by reference.

80.     The Big Blue Party™ Trade Dress is source indicating, and consumers associate the Big Blue Party™ Trade Dress with Brookstone and its speaker products.

81.     The Big Blue Party™ Trade Dress is inherently distinctive and has acquired distinctiveness (secondary meaning) through promotion and use of this mark for almost five years in connection with Brookstone's speakers.

82.     Defendant's sales of the Infringing Speakers, which incorporate the Big Blue Party™ Trade Dress, is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Brookstone's goods, namely its speakers.

83.     Defendant's conduct has confused and misled customers and/or was done with the purpose of confusing and misleading customers.

84.     The actions alleged herein violate section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

85.     Defendant's violation of 15 U.S.C. § 1125(a) has injured and is continuing to

injure Brookstone  and it is thus entitled to preliminary and permanent injunctive relief, and an award of damages, in an amount to be proven at trial, as compensation for the acts alleged herein.

## FOURTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT – BIG BLUE TRADE DRESS)

86.     Paragraphs 1-85 are incorporated herein by reference.

87.     Defendant's sales of the Infringing Speakers, which incorporate the Big Blue Dress, is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Brookstone's goods, namely its speakers.

88.     Defendant's infringement has injured and is continuing to injure Brookstone and it is thus entitled to preliminary and permanent injunctive relief, and an award of damages, in an amount to be proven at trial, as compensation for the acts alleged herein.

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT – BIG BLUE PARTY™ TRADE DRESS)

89.     Paragraphs 1-88 are incorporated herein by reference.

90.     Defendant's sales of the Infringing Speakers, which incorporate the Big Blue Party™  Trade Dress, is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Brookstone's goods, namely its speakers.

91.     Defendant's infringement has injured and is continuing to injure Brookstone and it is thus entitled to preliminary and permanent injunctive relief, and an award of damages, in an amount to be proven at trial, as compensation for the acts alleged herein.

**SIXTH CLAIM FOR RELIEF**
**(DECEPTIVE TRADE PRACTICES UNDER N.Y. GBL §349)**

92.     Paragraphs 1-91 are incorporated herein by reference.

93.     Defendant's sales of the Infringing Speakers, which incorporate the Big Blue Trade Dress and/or the Big Blue Party™ Trade Dress, are consumer oriented as the speakers are offered for sale in commerce.

94.     Defendant's Infringing Speaker, which incorporates the Big Blue Trade Dress and the Big Blue Party™ Trade Dress without the authorization or permission of Brookstone, is likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Brookstone's goods, namely its speakers.

95.     Defendant's acts have injured and is continuing to injure Brookstone and it is thus entitled to preliminary and permanent injunctive relief, and an award of damages, in an amount to be proven at trial, as compensation for the acts alleged herein.  *See* N.Y. GBL §349(h).

**PRAYER FOR RELIEF**

WHEREFORE, Brookstone and Big Blue Audio pray that this Court:

A.     Grant preliminary and permanent injunctive relief requiring Defendant and its officers, agents, servants, employees, and attorneys, and all persons in active concert with any of them who receive actual notice of the Court's order to:

(i)     Cease making, using, selling, offering for sale, and/or importing the Infringing Speaker or any other speaker that infringes and/or is substantially similar to Big Blue Audio's '193 Patent;

(ii) Cease making, using, selling, offering for sale, and/or importing the Infringing Speaker or any other speaker that is confusingly similar to Brookstone's Big Blue Trade Dress or Brookstone's Big Blue Party™ Trade Dress;

(iii) Deliver to Brookstone or its designated representatives all goods, signs, advertising, and promotional materials relating to the Infringing Speakers; and

(iv) Cease infringing Brookstone's trademark rights and Big Blue Audio's patent rights.

B. Award to Plaintiffs and assess against Defendant damages in an amount to be determined at trial, including prejudgment and post-judgment interest, and treble such damages under the circumstances of this case.

C. Award to Plaintiffs and assess against Defendant punitive or exemplary damages.

D. Award to Plaintiff and assess against Defendant the costs, expert witness fees, and reasonable attorneys' fees incurred in connection with this action.

E. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Brookstone and Big Blue Audio demand a trial by jury on all issues so triable.

Dated July 6, 2018.

/s/ Peter A. Gergely

Peter A. Gergely (*pro hac vice* pending)
Merchant & Gould P.C.
767 3rd Ave, 23rd Floor
New York, NY 10017
Ph. (212) 223-6520
pgergely@merchantgould.com

Dana Jozefczyk (*pro hac vice* pending)
Ryan Fletcher (*pro hac vice* pending)
Merchant & Gould, P.C
1801 California Street, #3300
Denver, CO  80202
Ph. (303) 357-1670
djozefczyk@merchantgould.com
rfletcher@merchantgould.com
ATTORNEYS FOR PLAINTIFF